O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CANDELARIA ARITA, an individual, | ) ) ) | Case No. CV 13-05497 DDP (MANx) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION TO REMAND** |
| v. | ) ) | |
| RITE AID CORPORATION, a Delaware corporation, | ) ) ) | [Dkt. No. 10] |
| Defendant. | ) ) | |
| _____ | ) | |

Presently before the court is Plaintiff's Motion to Remand ("Motion"). Having considered the parties' submissions, the court grants the Motion and adopts the following Order.

**I. Background**[1]

Defendant hired Plaintiff Candelaria Arita as a store clerk and cashier in February 2007. (Compl. ¶ 7). As of October 2010, Defendant created a hostile work environment for Plaintiff, a Hispanic female, because of Plaintiff's race and disability. (Compl. ¶ 8). Plaintiff has two amputated fingers. (Compl. ¶ 15). Plaintiff's supervisor frequently criticized Plaintiff, berated her

---

[1] The facts herein are stated as alleged in Plaintiff's Complaint.

in front of customers, and intentionally assigned her to perform duties that caused her pain and discomfort as a result of her disability. (Compl. ¶¶ 10, 15). A security guard also ridiculed Plaintiff's accent, complained loudly about the number of Latino employees, and repeatedly threatened to fire Plaintiff. (Compl. ¶ 12).

Plaintiff further alleges that she complained to Human Resources about the mistreatment and unfounded warnings she received at work, but that Human Resources did not take any remedial measures. (Compl. ¶ 17). On June 17, 2011, Plaintiff was terminated from her employment, ostensibly because she charged a customer for a single scoop of ice cream instead of a double scoop. (Compl. ¶ 18).

On May 3, 2013, Plaintiff filed a Complaint in Los Angeles County Superior Court against Defendant. The Complaint alleges six causes of action against Defendant:
(1) race/national/origin/ancestry discrimination in violation of the Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940; (2) failure to prevent discrimination in violation of FEHA; (3) wrongful termination in violation of FEHA; (4) declaratory relief; (5) injunctive relief; and (6) wrongful termination in violation of public policy.

On July 30, 2013, Defendant removed to this court on the basis of diversity jurisdiction, pursuant 28 U.S.C. §§ 1332 and 1441. Plaintiff now moves to remand pursuant to 28 U.S.C. § 1332(a) for lack of subject matter jurisdiction because Defendant has failed to establish that the amount in controversy exceeds the $75,000 statutory minimum.

**II. Legal Standard**

Federal courts are courts of limited jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28. U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a).

Generally, a defendant may remove any civil action from state court to a district court that has original jurisdiction. 28 U.S.C. § 1441(a). A district court must remand a case if, at any time before to final judgment, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the right of removal. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). The party removing the case to federal court and asserting diversity jurisdiction bears the burden of proving that original jurisdiction exists. See <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857-58 (9th Cir. 2001). In cases where a plaintiff's state court complaint is unclear or ambiguous on the requisite amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory amount]." <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

**III. Discussion**

Plaintiff moves to remand for lack of subject matter jurisdiction, asserting that Defendant failed to show that Plaintiff's Complaint meets the amount in controversy requirement. Both parties agree that the complaint does not specify a particular amount of damages and is unclear on the amount in controversy. Both parties acknowledge that the Defendant, as the removing party, has the burden of proof of establishing that the amount in controversy exceeds the statutory minimum of $75,000. 28 U.S.C. § 1332(a).

The amount in controversy is an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. See Lewis v. Verizon Commc'n, Inc., 627 F.3d 395, 400 (9th Cir. 2010). The amount in controversy requirement excludes "only interest and costs and therefore includes attorney's fees", compensatory damages for general or special damages, like "back payment of health benefits and taxes", and punitive damages. See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700-01 (9th Cir. 2007).

In this case, the parties dispute the amount of Plaintiff's lost wages. Defendant estimates, based on a 40-hour work week, that Plaintiff seeks at least $43,120.00 in back pay. (Notice of Removal at 5). It does not appear, however, that Plaintiff ever worked a 40-hour week. Rather, Plaintiff's pay records suggest that she worked no more than thirty six hours in a week, and sometimes worked as few as twenty five hours per week. (Mot. at 7; Declaration of Jennifer A. Lipski ¶ 2). Thus, as Defendant appears

to acknowledge, the back wages sought by Defendant may total under $30,000.

Defendant contends that emotional and punitive damages and attorney's fees will suffice to bridge the gap between Plaintiff's relatively modest claim for lost wages and the $75,000 jurisdictional minimum.  Defendant first argues that Plaintiff's emotional distress claims "could lead to substantial damages." (Opp. at 4).  While Defendant gives examples of cases where emotional distress claims resulted in damage awards in excess of $75,000, Defendant has not adequately explained how those claims and fact patterns are similar to this case.  In the absence of any justification the court "will not speculate as to the damages potentially embodied in the plaintiffs' vague request for emotional distress."  Miller v. Michigan Millers Ins. Co., 1997 WL 136242, at *5 (N.D.Cal. 1997).

"When the amount in controversy depends largely on alleged punitive damages, the court will scrutinize a claim more closely" to be certain jurisdiction exists.  Lange v. State Farm Mut. Auto. Ins. Co., 2009 WL 322835, at *1 (C.D. Cal. 2009) (internal quotation and citation omitted).  Defendant is correct that a party asserting diversity jurisdiction may refer to other jury verdicts to bolster its claims regarding punitive damages.  Faulkner v. Astro-Med Inc., 1999 WL 820198 at *4 (N.D. Cal. 1999).  Those verdicts, however, must involve facts analogous to the case at hand.  Id.  Here, as with its argument regarding emotional distress damages, Defendant cites two cases in which juries awarded millions of dollars in punitive damages.  (Opp. at 5-6).  Again, however,

5

Defendant fails to explain how the facts of those cases, beyond the basic nature of the claims, are analogous to this case.

Lastly, attorney's fees, too, may be included in the amount in controversy if recoverable by statute or contract. <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155-56 (9th Cir. 1998). FEHA states that "reasonable attorney's fees" may be awarded to the prevailing party. Cal. Gov't Code. § 12965(b). Defendant, however, has made no attempt to estimate reasonable attorney's fees in this case. Instead, Defendant states, without any support, that "even a conservative estimate of attorney's fees" in conjunction with other relief sought by Plaintiff will place the total amount in controversy over $75,000. (Opp. at 7).

Defendant's speculative and conclusory assertions and unexplained references to other cases are insufficient to satisfy its burden to demonstrate, by a preponderance of the evidence, that the amount in controversy here exceeds $75,000 and that this court has subject matter jurisdiction over this matter.

**IV. Conclusion**

For the above reasons, Plaintiff's Motion to Remand is GRANTED.

IT IS SO ORDERED.

Dated: January 31, 2014

DEAN D. PREGERSON
United States District Judge

cc:order, docket, remand letter to
Los Angeles Superior Court, No. BC 507818